SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U. S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

AUG 26 2016

CHRISTA K. BERRY, CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 1:16-112- JAW |
| ) | |
| ISF TRADING COMPANY ) | |

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Thomas E. Delahanty II, United States Attorney for the District of Maine, and Halsey B. Frank, Assistant United States Attorney, and ISF Trading Company, through its President Atushi Atchan Tamaki acting in his official capacity (hereinafter "Defendant"), and through its counsel, George T. Dilworth, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. <u>Guilty Plea</u>. Defendant agrees to plead guilty to the Information herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). The Information charges Defendant with violations of the Lacey Act, Title 16, United States Code, Sections 3372(a)(2), (a)(4) and 3373(d)(1), and Title 18, United States Code, Section 2.

Defendant agrees to file, in a form acceptable to the Court, a corporate resolution authorizing the entry of the plea and the execution of all documents necessary for the plea by the corporate officer appearing for the Defendant.

The government agrees not to bring other charges based on the facts underlying these convictions against ISF Trading Company, its officers or employees, or against Atushi Atchan Tamaki in his personal capacity.

2. <u>Sentencing/Penalties.</u> The parties agree and understand that the maximum statutory penalties which may be imposed upon conviction for each violation is a fine of $500,000. The parties further agree and understand that the Court must impose a special assessment of $400 per count of conviction, payable to the "Clerk of Court" for deposit to the Crime Victims' Fund and the defendant agrees to pay such special assessments on or before the entry of the guilty plea.

3. <u>Agreements Regarding Sentencing</u>. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that a total monetary penalty of between $750,000 and $1,250,000 would be an appropriate disposition for this case in consideration of all penalties, individual and corporate, monetary and otherwise. The defendant agrees to pay such monetary penalty as the court imposes by certified bank check, payable to the "Clerk of Court" at sentencing. The parties agree that 65% of any monetary penalty imposed will represent the criminal fine and 35% will represent forfeitable property. The parties understand that should the Court reject this plea agreement, it will inform the parties and will give the defendant an opportunity to withdraw its plea.

4. <u>Appeal Waivers</u>. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

        A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

        B. A sentence of a fine that does not exceed $1,250,000.

Defendant's waiver of its right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

5. <u>Consequences of Breach</u>. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendant organization and its President Atushi Atchan Tamaki on all criminal charges that can be brought against them. With respect to such a prosecution:

> A. The United States may use any statement that Defendant's President Atushi Atchan Tamaki made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.
>
> B. On behalf of himself personally and ISF Trading Company, Atushi Atchan Tamaki waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred, because for example the parties have executed a tolling agreement or otherwise, on the date that this Agreement is signed by the Parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

6. <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights it might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon

which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7. Forfeiture. Defendant acknowledges that pursuant to 16 U.S.C. § 3374, it is subject to the forfeiture of all fish or wildlife imported, exported, transported, sold, received, acquired or purchased in violation of the Lacey Act, and all vessels, vehicles and other equipment used to aid in such importation, export, transport, sale, receipt, acquisition or purchase, including but not limited to the three Freightliner trucks used to transport the sea urchins at issue here as well as Defendant's processing plant on Hobson's Wharf in Portland, Maine. The Parties acknowledge that the fine they have agreed to above encompasses the value of items that are subject to forfeiture and that the government will not seek any other forfeiture in connection with these violations.

8. Corporate Compliance Program. Defendant agrees to implement a corporate compliance program to detect and prevent criminal conduct and promote an ethical organizational culture. Such program shall at a minimum include: identifying Defendant's obligations under the Lacey Act; educating and training its workforce about those obligations; establishing standards and procedures to detect and prevent violations of the Lacey Act; and assigning responsibility for compliance with the Lacey Act to an individual with day-to-day operational responsibility and the resources, authority and access to Defendant's governing authority necessary to conduct such a program.

4

9. <u>Validity of Other Agreements; Signature</u>. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter its guilty plea or is allowed to withdraw its guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies its full and voluntary acceptance of this Agreement.

FOR ISF TRADING COMPANY.

I am the President of ISF Trading Company. The Officers of ISF Trading Company have received a copy of this agreement, the associated information, and prosecution version of events. Those Officers have been informed of the charge against ISF Trading Company contained in the Information. They understand that charge, the elements of the offense, the penalties that may be imposed for conviction. They understand the corporation's rights to a trial, to the assistance of counsel, to hold the government to its burden of proof beyond a reasonable doubt. They have approved a plea of guilty to the charge in the Information. They have authorized me to speak and act on behalf of ISF Trading Company. I have read this agreement and have carefully reviewed every part of it. I understand it. Having been duly authorized by ISF Trading Company to act on its behalf in this matter, my signature represents the company's voluntary agreement to its terms.

Date: 4. 1. 16

Atushi Atchan Tamaki, President
ISF Trading Company

I am legal counsel for ISF Trading Company and its president Atushi Atchan Tamaki. I have carefully reviewed every part of this Agreement with its Officers, including its President Atushi Atchan Tamaki. To my knowledge, ISF Trading Company's decision to enter into this agreement is an informed and voluntary one. To my knowledge, Atushi Atchan Tamaki has the authority to act for ISF Trading Company in this matter.

Date: March 31, 2016

George T. Dilworth, Esquire
Attorney for ISF Trading Company

FOR THE UNITED STATES:  Thomas E. Delahanty II
United States Attorney

Date: April 4, 2016

Halsey B. Frank
Assistant U.S. Attorney

Approved:

Supervisory Assistant U.S. Attorney

6